**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DAMOM COOK, AND ALL OTHERS SIMILARLY SITUATED,**<br><br>*Plaintiff*,<br><br>**v.**<br><br>**GALLIANO MARINE SERVICE, LLC**<br><br>*Defendant*. | **Civil Action No.**<br><br>**DISTRICT JUDGE:**<br>**Hon.**<br><br>**MAGISTRATE JUDGE:**<br>**Hon.** |

**COLLECTIVE ACTION COMPLAINT**

## I. Nature of This Lawsuit

1. Plaintiff Damom Cook brings this lawsuit to recover unpaid overtime wages and other damages from Galliano Marine Service, LLC, under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

## II. Background

2. Galliano Marine Service, LLC (Galliano) is a maritime company and the employer of various people on vessels, and the payroll employer of individuals like Mr. Cook, who serve in roles on offshore vessels.

3. An offshore vessel has multiple roles onboard, and different individuals fulfill different purposes, some of which involve using the vessel as a means of transportation, and others of which do not. The vessels on which Mr. Cook worked carried third parties aboard in addition to crew.

4. Damom Cook was hired by Galliano in or around September of 2023, and he remains employed by Galliano through today. He was and is a cook aboard offshore vessels that

carried third parties aboard, spending a significant portion of his time cooking for those third parties, though he also cooked for the crew. Consequently, his time spent cooking for third parties did not relate to the vessels' operation as a means of transportation.

5. Mr. Cook was promoted to chief steward, whose job is to oversee the galley.

6. Mr. Cook, along with others similarly situated, was paid a day rate, irrespective of how many hours he worked. His day rate varied over the course of his employment and ultimately reached $415 per day before Galliano began paying Mr. Cook overtime.

7. Mr. Cook slept and lived on the vessels to which he was assigned, and regularly worked over 12 hours a day and 40 hours a week. On his ordinary hitch, Mr. Cook would work no fewer than 84 hours in a week.

8. Galliano classified Mr. Cook and all Galliano's offshore employees similarly situated as exempt from state and federal overtime laws and did not pay them overtime when they worked over 40 hours in an individual workweek.

9. Defendant misclassified Mr. Cook and others similarly situated as exempt from state and federal overtime laws.

10. The services performed by Mr. Cook included cooking meals for the third parties carried aboard the vessels, and for crewmembers; along with assistance in preparing those meals; and additional general galley services as required.

11. Even while not actively cooking, Mr. Cook was still in the service of the vessel, but not related to the navigation of the vessel.

12. The services performed by Mr. Cook and others similarly situated constitute non-exempt work.

13. Mr. Cook brings this action on behalf of himself and other similarly situated personnel aboard offshore vessels who did not navigate those vessels or contribute to those vessels'

navigation and who, due to Galliano's misclassification, were not paid all earned overtime pay for time they worked in excess of 40 hours in individual workweeks, in violation of the FLSA.

## III. Jurisdiction and Venue

14. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law. *See* U.S.C. § 216(b).

15. Venue is proper in this district under 28 U.S.C. § 1391 because Galliano resides in this district and because the events or omissions giving rise to Plaintiff's claims occurred in this district.

## IV. The Parties

16. Mr. Cook worked for Galliano in the state of Louisiana, and in Louisiana territorial waters.

17. During his employment, Mr. Cook was an employee of Galliano as defined by the FLSA in 29 U.S.C. § 203(e).

18. During his employment, Galliano was Mr. Cook's employer as defined under the FLSA in § 203(d).

19. Galliano is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

20. Galliano is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

21. Galliano has more than $500,000 in sales made or business done in each of the last three calendar years.

## V. Factual Allegations

22. For the past three years, Mr. Cook has worked as a cook aboard offshore vessels that carried third parties aboard. In that capacity, he spent a significant portion of his time cooking for the third parties carried aboard those vessels, though he also cooked for the crew.

23. During his employment, Mr. Cook's job duties have been routine and rote and did not include the exercise of discretion and judgment with respect to matters of significance.

24. Mr. Cook often worked twelve hours or more a day during his hitches, and as a matter of course, every hitch (many of which would last weeks), Galliano suffered or permitted Mr. Cook to work over 40 hours in one or more individual workweeks in the last three (3) years.

25. Galliano classified Mr. Cook as exempt from the overtime provisions of the FLSA on the basis that he was a Jones Act seaman.

26. While Mr. Cook may be a Jones Act seaman for some purposes, his work did not serve the vessels' operation as a means of transportation. Because Mr. Cook performed a significant amount of non-exempt work, such that Galliano should have classified him as non-exempt.

27. When Mr. Cook worked over 40 hours in individual workweeks, Galliano did not pay him overtime at one-and-one-half his regular rate of pay.

## VI. Collective Action Allegations

28. Plaintiff brings his FLSA claims as a collective action.

29. The collective action is defined as follows:

> All cooks, chief stewards, and galley hands, employed by Galliano Marine Service, LLC for the last three years who work offshore, and whose work did not serve the vessels' operation as a means of transportation, yet were classified as exempt from overtime ("Collective Action Members").

30. Mr. Cook is similarly situated to the potential Collective Action Members because they were paid in the same manner and performed the same primary job duties.

31. In the last three years, Galliano has employed individuals who performed the same primary duties as the Plaintiff.

32. Of Galliano's employees who performed the same primary job duties as Mr. Cook in the last three years, Galliano classified some or all as exempt from the overtime provisions of the FLSA and paid them a day rate.

33. Of employees classified as exempt and who performed the same primary duties as Mr. Cook in the last three years, some or all worked over 40 hours in individual workweeks.

34. Galliano maintained one or more common job descriptions for employees who work offshore on vessels.

35. Galliano has the names, addresses and other contact information for potential Collective Action Members in its payroll or personnel records.

36. Galliano is aware or should have been aware that the FLSA required it to pay potential Collective Action Members overtime. Because Mr. Cook cooked spent a significant portion of his time working for third parties carried aboard the vessels rather than for crewmembers aiding the vessels' operation as a means of transportation, his work was non-exempt, and Galliano has failed to follow the law.

## VII. <u>COUNT I</u>
## Failure to Pay Overtime
## (Collective Action)

37. Mr. Cook incorporates here the previous allegations of this Complaint.

38. Galliano violated the FLSA by failing to pay overtime to Mr. Cook and the Collective Action Members when they worked over 40 hours in individual workweeks.

39. Mr. Cook was not exempt from the overtime provisions of the FLSA.

40. Collective Action Members were not exempt from the overtime provisions of the FLSA.

41. Mr. Cook was directed by Galliano to work, and did work, over 40 hours in one or more individual workweeks.

42. Other Collective Action Members were directed to work, and did work, over 40 hours in one or more individual workweeks.

43. Galliano paid Mr. Cook a day rate and no overtime compensation during the FLSA window.

44. Galliano paid other Collective Action Members a day rate and no overtime compensation.

45. Galliano violated the FLSA by failing to pay overtime to Mr. Cook at one-and-one-half times his regular rate of pay when he worked over 40 hours in one or more individual workweeks.

46. Galliano violated the FLSA by failing to pay overtime to other Collective Action Members at one-and-one-half times their regular rates of pay when they worked over 40 hours in one or more individual workweeks.

47. Galliano's violations of the FLSA were willful.

48. As a result, Galliano is indebted to Mr. Cook and the Collective Action Members in the amount of the unpaid overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

## VIII. Prayer

**WHEREFORE**, Plaintiff, on behalf of himself and the Collective Action Members, seeks the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice to the Collective Action Members. Such notice shall inform the Collective Action Members that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Unpaid overtime wages pursuant to the FLSA;

C. Liquidated damages in additional amount equal to the unpaid overtime wages;

D. Pre-judgment and post-judgment interest as provided by law;

E. Attorneys' fees and costs of the action; and

F. Such other and further relief this Court shall deem just and proper.

G. That judgment be entered in favor of Mr. Cook for the amount of his damages, plus interest, prejudgment interest, costs and reasonable attorneys' fees.

/s/Cayce Peterson
CAYCE PETERSON (LA Bar #32217)
JEFF GREEN (LA Bar #30531)
JJC Law LLC
3914 Canal St.
New Orleans, Louisiana 70119
T: (504) 513-8820
cayce@jjclaw.com
jeff@jjclaw.com

/s/Harry E. Morse
HARRY E. MORSE (#31515)
MARTIN S. BOHMAN (#22005)
400 POYDRAS STREET, SUITE 2050
NEW ORLEANS, LA 70130
TELEPHONE: (504) 930-4009
FAX: (888) 217-2744
E-MAIL: HARRY@BOHMANMORSE.COM
E-MAIL: MARTIN@BOHMANMORSE.COM

/s/ Michael A. Mahone, Jr.
THE MAHONE FIRM LLC
MICHAEL A. MAHONE, JR. (#32567)
111 Veterans Memorial Blvd, Ste 810
Metairie, LA 70005
Telephone: (504) 564-7342
Fax: (504) 617-6474
Email: Mike@MahoneFirm.com

*Attorneys for Plaintiff*